**LAW OFFICE OF RACHEL S. BLUMENFELD PLLC**
26 Court Street, Suite 2220
Brooklyn, New York  11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

*Proposed Counsel to the Debtors*
*And Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 23- 43643 (JMM) |
| SHOWFIELDS, INC., *et al.*, | Chapter 11 |
| Debtors. | (Joint Administration Requested) |

### MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR THE ENTRY OF INTERIM AND FINAL ORDERS FOR AUTHORITY TO CONTINUE THEIR PREPETITION INSURANCE <u>PROGRAMS AND PAY OBLIGATIONS WITH RESPECT THERETO</u>

Showfields, Inc. ("**Showfields**"), and Showfields NY2, LLC ("**ShowfieldsNY**"), and (collectively the "**Debtors**") as debtors and debtors-in-possession herein, by and through their proposed undersigned counsel, hereby submit this motion (the "**Motion**"), pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), for the entry of interim and final orders, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B** (respectively, the "**Interim Order**" and the "**Final Order**"), (a) authorizing the Debtors to: (i) maintain the Insurance Policies (as defined below) in the ordinary course of business on a postpetition basis consistent with past practice, (ii) pay any unpaid prepetition premiums associated with the Insurance Policies to the extent that such payment is necessary to avoid cancellation, default, alteration, assignment, attachment, lapse, or

1

any form of impairment to the coverage, benefits or proceeds provided under the Insurance Policies; (b) authorizing and directing financial institutions to receive, process, honor, and pay all related checks and electronic payment requests for payment of the Insurance Policies; and (c) granting related relief.    In support of the Motion, the Debtors respectfully refer to and incorporate the contents of the *Declaration of Tal Nathanel, CEO of Showfields, Inc., in Support of Debtors' Chapter 11 Petition and First Day Motion* (the **"Nathanel Declaration"**)[1] filed concurrently herewith and respectfully represent as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      Venue of the Debtors' chapter 11 cases and this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2002-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

---

[1]    All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Nathanel Declaration.

## FACTS

**A.**     **Introduction**

5.       On October 6, 2023, Showfields Inc., filed a petition for relief under Chapter 11

of the Bankruptcy Code; and on October 11, 2023, Showfields NY 2 LLC filed a petition

for relief under Chapter 11 of the Bankruptcy Code  (collectively the "**Petition Date**"),

(collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the

Eastern District of New York (the "**Court**").   The Debtors are each a "small business

debtor" as defined by Bankruptcy Code section 101(51D) and, thus, have elected to

proceed under Subchapter V of Chapter 11 thereof.

6.       Concurrent with the filing of this Motion, the Debtors filed a motion with the

Court pursuant to Rule 1015 of the Bankruptcy Rules seeking joint administration of the

Debtors' Chapter 11 Cases.

7.       The Debtors continue to operate their businesses and manage their property as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As

the Debtors are proceeding under Subchapter V of Chapter 11, no official committee of

unsecured creditors has been or will be established unless the Court orders otherwise.

**B.**     **Background and Events Leading to Commencement of the Chapter 11 Cases**

8.       Showfields leases and operates several "stores" wherein local artists and vendors,

particularly e-commerce vendors, showcase products and provide the same for sell to the

general public.

9.       Faced with a liquidity crisis arising from lower-than-expected revenues,

Showfields entered into a loan agreement with the United States Small Business

Administration (the "**SBA**") whereby the SBA extended a loan to Showfields in the aggregate amount of $500,000.    Additionally, the Debtors entered into several agreements with Merchant Cash Advance companies (the "**MCA Companies**") for the sale of future receivables.

10.    As revenues continued to remain stagnant, it has become increasingly difficult for the Debtors to meet their recurring obligations to the SBA and MCA Companies.  The Debtors have fallen in substantial arrears on the payments due under certain lease agreements for the premises on which the retail sites are located.  Particularly, the lease executed by Showields NY 2 LLC was negotiated prior to the COVID-19 pandemic at lease rates that are currently unsustainable.  As a result, the Debtors are in danger of being dispossessed of the premises under these lease agreements.

11.    As result, the Debtors have determined that commencing these Chapter 11 Cases was essential to maximizing the value of their respective estates for the benefits of their creditors and stakeholders.

12.    Additional background information about the Debtors' business and the facts and circumstances leading to the filing of these Chapter 11 Cases is more fully set forth in the Nathanel Declaration.

C.    **The Debtors' Insurance Policies and Obligations**

13.    In the ordinary course of business, the Debtors maintains one insurance policy that is administered by various third-party insurance carriers (collectively, the "**Insurance Carriers**").    These policies provide coverage for general commercial business risks including, but not limited to, coverage for business property liability,

personal property liability, director and officer ("**D&O**") liability, excess liability, cyber liability, and employer's liability (each, an "**Insurance Policy**" and collectively, the "**Insurance Policies**"). [2] A schedule of the Insurance Policies is attached as **Exhibit C**.[3]

**14.** Continuation and renewal of the Insurance Policies and entry into new insurance policies, as applicable, is essential to the preservation of the value of the Debtors' business and operations. Moreover, in many instances, coverage provided by the Insurance Policies is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the requirements of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") that a debtor maintain adequate coverage given the circumstances of its chapter 11 case.

**RELIEF REQUESTED**

15. By this Motion, the Debtors request entry of the Interim Order and Final Order, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B**: (a) authorizing the Debtors to (i) maintain the Insurance Policies in the ordinary course of business on a postpetition basis consistent with past practice, (ii) pay any unpaid prepetition premiums associated with the Insurance Policies to the extent that such payment is necessary to avoid cancellation, default, alteration, assignment, attachment, lapse, or any form of

---

[2] Estimated monthly cost for SHOWFIELDS INC $2,328.31. Estimated monthly cost for SHOWFIELDS NY2 $2,707.37

[3] In addition to the Insurance Policies listed in **Exhibit C**, the Debtors maintain insurance policies with respect to, among other things, workers' compensation. These programs are described, and relief is requested with respect to such programs, in the Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages, Salaries, Other Compensation, and Reimbursable Employee Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief, filed contemporaneously herewith. Furthermore, although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Insurance Policies. By this Motion, the Debtors request relief applicable to all Insurance Policies regardless of whether such Insurance Policy is specifically identified on **Exhibit C**.

impairment to the coverage, benefits or proceeds provided under the Insurance Policies;

(b) authorizing and directing financial institutions to receive, process, honor, and pay all

related checks and electronic payment requests for payment of the Insurance Policies; and

(c) granting related relief.

A.     **Payment of Insurance Premiums Is Required by the Bankruptcy Code and the United States Trustee Operating Guidelines**

16.     The Debtors believe that the Insurance Policies are necessary and essential to the operation of their business during these Chapter 11 Cases.   The Insurance Policies are required by various regulations, laws and contracts that govern the Debtors' commercial activities.   In addition, but 11 U.S.C. § 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public," is "cause" for mandatory conversion or dismissal of a Chapter 11 case.   Moreover, the *Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees*[4] require debtors to maintain insurance coverage throughout their Chapter 11 cases.  *See* Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees (Revised 3/1/23), § 8 (requiring maintenance of appropriate insurance coverage).

B.     **The Debtors Should be Authorized to Pay Insurance Premiums under Bankruptcy Code Sections 1107(a) and 1108**

---

[4] The *Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees* for Region 2 are available at https://www.justice.gov/ust-regions-r02/file/region_2_operating_guidelines.pdf/download.

17.    The Court may also authorize the Debtors to continue their prepetition practices with respect to their Insurance Policies, including maintaining, renewing, supplementing, and entering into new Insurances Policies, as such practices are in the ordinary course of the Debtors' business. Alternatively, to the extent any such practices fall outside of the ordinary course of business, the Court should authorize the Debtors to maintain, renew, or enter into new Insurance Policies on a postpetition basis, as such relief is in the Debtors' sound business judgment.

18.    Section 363(c)(1) of the Bankruptcy Code provides that a chapter 11 debtor in possession "may enter into transactions . . . [or] may use property of the estate in the ordinary course of business without notice or a hearing."  The Bankruptcy Code does not define "ordinary course of business."  *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992).  In determining whether a transaction is in the ordinary course of business, this Court and others have adopted the two-part "horizontal dimension" and "vertical dimension" test.  *In re Crystal Apparel, Inc.*, 207 B.R. 406, 409 (Bankr. S.D.N.Y. 1997). Under the horizontal dimension test, the court must analyze whether, from an industry-wide perspective, the transaction is of the sort commonly undertaken by companies in that industry.  *Id.*  Under the vertical dimension test, the court must analyze the transaction from the perspective of a hypothetical creditor and determine "whether the transaction subjects a creditor to economic risk of a nature different from those he accepted when he decided to extend credit."  *Id.*  In other words, under this two-part test, "the touchstone of ordinariness is thus the interested parties' reasonable expectations of

what transactions the debtor in possession is likely to enter in the course of its business."

*In re Drexel Burnham Lambert Grp., Inc.*, 157 B.R. 532, 537 (S.D.N.Y. 1993).

19.     Here, the Debtors seek to continue their existing Insurance Policies and continue to honor their obligations thereunder in the ordinary course of their business on a postpetition basis. Such obligations include, among other things, renewing the Insurance Policies when they expire and paying the premiums when they come due. Further, the Insurance Policies cover obligations that are required by law or regulation, as described above.  As such, the Debtors' failure to maintain, renew, or timely replace existing Insurance Policies may jeopardize their ability to operate their businesses.

20.     Courts in this district have routinely granted relief similar to that requested herein. *See, e.g.*, *In re Revlon, Inc.*, No. 22-10764 (DSJ) (Bankr. S.D.N.Y. June 16, 2022) (authorizing debtors to continue their insurance and surety payments on an interim basis); *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y. Oct. 27, 2021) (same, on a final basis); *In re Lakeland Tours*, LLC, 20-11647 (JLG) (Bankr. S.D.N.Y. July 26, 2020) (same); *In re Jason Indus., Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 29, 2020) (same); *In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (same).

21.     The Debtors' ability to maintain the Insurance Policies, to renew, supplement, and modify the same as needed, and to enter into new insurance policies as needed in the ordinary course of business, is essential to preserving the value of the Debtors' businesses, operations, and assets.   In many instances, insurance or surety coverage is required by statutes, rules, regulations, and contracts that govern the Debtors' commercial activities, including the requirements of the U.S. Trustee that a debtor maintain adequate coverage given the circumstances of its chapter 11 case.

C.      **The Doctrine of Necessity and Bankruptcy Code Section 105 Support Payment of <u>Insurance-Related Obligations</u>**

22.    The Debtors proposed payment of prepetition policy premiums and premium financing obligations also should be authorized pursuant to Bankruptcy Code section 105 and under the "doctrine of necessity."  The doctrine of necessity is a well-settled doctrine that permits a bankruptcy court to authorize payment of certain prepetition claims prior to the completion of the Chapter 11 process where the payment of such claims is necessary to preserve and maximize value. *See In re Just for Feet, Inc.,* 242 B.R. 821, 826 (D. Del. 1999) (stating that where the debtor "cannot survive" absent payment of certain prepetition claims, the doctrine of necessity should be invoked to permit payment). *See also In re NVR L.P.,* 147 B.R. 126, 127 (Banks. E.D. Va. 1992) ("[T]he court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor."); *In re Eagle-Picher Indus., Inc.,* 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) ("to justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process").

23.    As demonstrated herein, the Debtors' ability to continue their existing Insurance Policies is essential to the maintenance of their business.   Accordingly, the Debtors payment of the insurance premiums, including any prepetition claims, is warranted under the "doctrine of necessity" and 11 U.S.C. § 105(a).

24.    Accordingly, the Debtors seek authorization to maintain their existing Insurance Policies, including payment of all obligations under such policies, whether prepetition or postpetition, and to renew or enter into new policies as may be required as the annual terms of existing Insurance Policies expire, without further order of the Court, in the

ordinary course of business.  In addition, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## SATISFACTION OF BANKRUPTCY RULE 6003

25.     Under Bankruptcy Rule 6003, this Court may authorize the relief requested herein within the 21-day period after the Petition Date because such relief is necessary to avoid immediate and irreparable harm to the Debtors' estates.  See Fed. R. Bankr. Proc. 6003(b) and (c).  Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern.  *See In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 36 n.2 (Bankr. S.D.N.Y. 1990) (discussing the elements of "immediate and irreparable harm" in relation to Bankruptcy Rule 4001).

26.     As set forth above, it is imperative that the Debtors maintain continuous insurance coverage in the ordinary course of business.   Failure to do so would likely result in immediate and irreparable harm to the Debtors' operations and disrupt the Debtors' ability to administer their chapter 11 estates.  Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 to support granting the relief requested herein.

## WAIVER OF STAY

27.     Pursuant to Rule 6004(h) of the Bankruptcy Rules, "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

28.     As set forth above, the relief requested herein is necessary to avoid irreparable damage to the Debtors' operations, value, and ability to reorganize.   Accordingly, the Debtors submit that ample cause exists to justify a waiver of 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## RESERVATION OF RIGHTS

29.     Nothing contained herein is intended to or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract or lease under 11 U.S.C. § 365.   The Debtors expressly reserve their rights to contest an Insurance Carrier claim and/or invoice under applicable non-bankruptcy law.   Likewise, if this Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to and should not be construed as an admission of the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## THE DEBTORS SATISFY LOCAL RULE 9013-1(A)

30.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.   Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## NOTICE

31.     The Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee for the Southern District of New York; (ii) the Subchapter V trustee; (iii) Debtors' 20 largest

unsecured creditors on a consolidated basis; (iv) any such other party entitled to notice pursuant to Local Rule 9013–1(b) or that requests notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that in light of the nature of the relief requested no other or further notice need be given.

**NO PRIOR REQUEST**

32.     No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request entry of the Interim Order and the Final

Order, substantially in the forms annexed hereto as **Exhibit A** and **Exhibit B**, granting the relief

requested herein and such other and further relief as the Court deems appropriate.

Dated: October  11, 2023

     New York, NY

Respectfully submitted,

By:  ___*/s/ Rachel S. Blumenfeld*_____
_____

**Law Office of Rachel S. Blumenfeld
PLLC**
    **Rachel S. Blumenfeld (RB-1458)**
26 Court Street, Suite 2220
    Brooklyn, NY 11242
Tel:  (718) 858-9600


    *Proposed Counsel to the Debtor
and Debtors
    in Possession*

**Exhibit A**

**Proposed Interim Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 23- (XXX) |
| SHOWFIELDS, INC., *et al.*, | Chapter 11 |
| Debtors. | (Joint Administration Requested) |

### INTERIM ORDER AUTHORIZING THE DEBTORS AND DEBTORS IN POSSESSION TO MAINTAIN THEIR PREPETITION INSURANCE PROGRAMS AND PAY THEIR OBLIGATIONS WITH RESPECT THERETO

Upon the motion (the "**Motion**")[5] of Showfields, Inc. ("**Showfields**"), and Showfields NY 2, LLC ("**ShowfieldsNY**"), and (collectively the "**Debtors**") as debtors and debtors-in-possession herein, for the entry of an interim order (this "**Interim Order**"): (a) authorizing the Debtors to: (i) maintain the Insurance Policies in the ordinary course of business on a postpetition basis consistent with past practice, (ii) pay any unpaid prepetition premiums associated with the Insurance Policies to the extent that such payment is necessary to avoid cancellation, default, alteration, assignment, attachment, lapse, or any form of impairment to the coverage, benefits or proceeds provided under the Insurance Policies; (b) authorizing and directing financial institutions to receive, process, honor, and pay all related checks and electronic payment requests for payment of the Insurance Policies; and (c) granting related relief; and the Court having reviewed the Motion and the *Declaration of Tal Nathanel, CEO of Showfields, Inc., in Support of Debtors' Chapter 11 Petition and First Day Motion* (the

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"**Nathanel Declaration**") and having considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on October__, 2023 (the "**Hearing**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion and the Hearing having been given under the circumstances and it appearing that no other or further notice need be given; and the Court having determined that just cause exists to grant the relief requested in the Motion and granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit C** to the Motion, and, in their sole discretion, pay any prepetition or postpetition obligations related to the Insurance Policies and any other related expenses, including those amounts that would come due in the ordinary course within the 21 days after the Petition Date.

3.      Nothing contained in the Motion or in this Interim Order shall constitute a rejection or assumption by the. Debtors of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion.

4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry. To the extent that

it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: October__, 2023
        New York, New York

_____

United States Bankruptcy Judge

**Exhibit B**

**<u>Proposed Final Order</u>**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 23- (XXX) |
| SHOWFIELDS, INC., *et al.*, | Chapter 11 |
| Debtors. | (Joint Administration Requested) |

**FINAL ORDER AUTHORIZING THE DEBTORS AND DEBTORS
IN POSSESSION TO MAINTAIN THEIR PREPETITION INSURANCE
PROGRAMS AND PAY THEIR OBLIGATIONS WITH RESPECT THERETO**

Upon the motion (the "**Motion**")[6] of Showfields, Inc. ("**Showfields**"), and Showfields NY 2, LLC ("**ShowfieldsNY**"), and (collectively the "**Debtors**") as debtors and debtors-in-possession herein, for the entry of a final order (this "**Final Order**"): (a) authorizing the Debtors to: (i) maintain the Insurance Policies in the ordinary course of business on a postpetition basis consistent with past practice, (ii) pay any unpaid prepetition premiums associated with the Insurance Policies to the extent that such payment is necessary to avoid cancellation, default, alteration, assignment, attachment, lapse, or any form of impairment to the coverage, benefits or proceeds provided under the Insurance Policies; (b) authorizing and directing financial institutions to receive, process, honor, and pay all related checks and electronic payment requests for payment of the Insurance Policies; and (c) granting related relief; and the Court having reviewed the Motion and the *Declaration of Tal Nathanel, CEO of Showfields, Inc., in Support of Debtors' Chapter 11 Petition and First Day Motion* (the "**Nathanel Declaration**") and having

---

[6] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

considered the statements of counsel and evidence adduced with respect to the Motion at the hearing on the Motion held before the Court on October __, 2023 (the "**Hearing**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Motion and the Hearing having been given under the circumstances and it appearing that no other or further notice need be given; and the Court having determined that just cause exists to grant the relief requested in the Motion and granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized to continue the Insurance Policies, including, but not limited to, the Insurance Policies identified on **Exhibit C** to the Motion, and, in their sole discretion, pay any prepetition or postpetition obligations related to the Insurance Policies and any other related expenses.

3.      Nothing contained in the Motion or in this Final Order shall constitute a rejection or assumption by the. Debtors of any executory contract or unexpired lease by virtue of reference to any such contract or lease in the Motion.

4.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

5.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: October __, 2023
         Brooklyn, New York

_____
United States Bankruptcy Judge

**Exhibit C**

**<u>Insurance Policies</u>**

**<u>Insurance Policies for Showfields, Inc, Showfields NY 1, LLC, and Showfields FL 1, LLC</u>**

| Insurance Policy Coverage (Type) | Debtor(s) Covered by Insurance | Insurance Carrier(s) | Policy Number(s) | Policy Term |
|---|---|---|---|---|
| General Liability, Property, Umbrella | Showfields, Inc. | Evanston Insurance Company | 3AA612540 | 10/14/2022 – 10/14/2023 |
| Directors, Officers Organization Liability | Showfields, Inc. | Clear Blue Specialty Insurance | AX01-4783-02 | 06/21/2023 – 06/21/2024 |
| D&O | Showfields, Inc. | Stratford Insurance Company | PDO9003096 | 06/21/2023 – 06/21/2024 |
| Property | Showfields Inc, | Maxum Indemnity Company | BDG-3053997-02 | 3/14/2023 – 3/14/2024 |
| GL - GENERAL LIABILITY | Showfields NY 2, LLC, Showfields Inc. | C00056 - HOUSTON SPECIALTY INSURANCE CO | ESBHSGL000039200 | 3/14/2023 – 3/14/2024 |
| UMB - UMBRELLA | Showfields NY 2, LLC. | C00060 - StarStone National Insurance Company | 80284M220ALI | 3/14/2023 – 3/14/2024 |