**LAW OFFICE OF RACHEL S. BLUMENFELD PLLC**
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

*Proposed Counsel to the Debtor*
*And Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SHOWFIELDS, INC., | Case No.: 23-43643 (hJMM) |
| Debtor. | |

**DEBTOR'S APPLICATION FOR AN ORDER AUTHORIZING DEBTOR TO MAINTAIN CURRENT CASH MANAGEMENT SYSTEM AND EXISTING BANK ACCOUNTS FOR THE INTERIM PERIOD**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), by and through its proposed counsel, The Law Office of Rachel S. Blumenfeld PLLC, respectfully submits this application and states as follows:

**SUMMARY OF THE RELIEF REQUESTED**

1. The Debtor's ability to continue and maintain its current cash management system for the next forty-five (45) days (the "Interim Period"), including maintaining its current bank accounts, is essential to the Debtor's ability to effectively reorganize under chapter 11. Should the Debtor be forced to interrupt its current cash management system, the Debtor, and the Debtor's estate is likely to suffer unwanted consequences that would severely hamper the Debtor's operations and jeopardize the reorganization process from the outset.

2. Accordingly, in this application (the "Application"), the Debtor seek the entry of an order, substantially in the form of the proposed order annexed hereto, pursuant to section 105 of title 11 of the United States Code, (the "Bankruptcy Code") (i) authorizing the Debtor to maintain its current cash management system; and (ii) authorizing the Debtor to maintain its current, pre- petition business banking accounts, for the Interim Period.

## JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On October 6, 2023, Showfields Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code; and on October 11, 2023, Showfields NY 2 LLC filed a petition for relief under Chapter 11 of the Bankruptcy Code (collectively the "**Petition Date**"),(collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**"). Pursuant to sections 1107 and 1008 of the Bankruptcy Code, the Debtor continues to operate its business and manage its affairs as a debtor- in-possession. No official committee of unsecured creditors, trustee or examiner has been appointed in this case.

### The Debtor's Business and Events Leading to Chapter 11

5. As described more fully in the Local Rule 1007-4 Declaration, the Debtors are engaged in owning and managing boutique lifestyle retail sites offering space to local vendors and artists specializing in the creation and sale of wellness, design, and home goods..

### The Debtor's Pre-Petition Cash Management System

6. Prior to the instant filing, the Debtor maintained banking accounts at Bank Leumi, Valley Bank and Silicon Valley Bank (the "Bank Accounts"). The account functions as a general account from which the Debtor pays all creditors including its payroll. Beyond the checking account, the Debtor utilized a processor for its merchant services also known as credit card processing (the "Merchant Services Account").

7. In order to process the Debtor's credit card transactions, on which the Debtor relies heavily, the Debtor maintains retail processing agreements and Merchant Services Account. Upon the processing of a credit card transaction (the "Credit Transaction"), the processor clears the payment and remits an electronic funds transfer (the "EFT") into the Bank Account. The process takes several days before the EFT is actually credited to the appropriate account.

8. Without the ability to process the Credit Transaction, the Debtor's operations will suffer greatly as numerous purchases are made by customers relying on their credit.

**RELIEF REQUESTED**

9. The Office of the United States Trustee for Region 2 has established various operating guidelines (the "Operating Guidelines") that apply to those entities operating as a debtor in possession. In particular, the Operating Guidelines require that such debtor-in-possession (i) upon the filing of a petition for relief under chapter 11 of the Bankruptcy Code, immediately close all existing bank accounts and open new debtor-in-possession accounts; (ii) establish separate accounts to be used exclusively for the payment of certain tax obligation; (iii) issue checks that indicate a designation of "DIP" and (iv) use approved depositories for all debtor-in-possession accounts.

10. The Debtor herein seeks authorization to continue to use its current cash management

system for the Interim Period. In so doing, the Debtor requests that the Court authorize and direct the following: (i) that the current banks continue to maintain, service and administer the pre-petition bank accounts; and (ii) to debit the Debtor's pre-petition bank accounts in the ordinary course of business on account of (a) all checks, wires, or ACH transfers authorized by Order of this Court irrespective of whether or not such payments relate to pre-petition services; (b) all checks drawn on the Debtor's accounts which are cashed by the payees thereof prior to October 6, 2023 (Showfields Inc.) or October 11, 2023 (Showfields NY 2 LLC) (the "Petition Date"); (c) the use of the pre-petition Merchant Services Account.

**BASIS FOR THE RELIEF REQUESTED**

11. In order for the Debtor to continue its operations as a going concern, there by preserving and protecting the value of its assets and operations for the benefit of all creditors, it is essential that it be permitted to maintain the pre-petition Cash Management System for the Interim Period. Therefore, the Debtor seeks authorization to continue to maintain that Cash Management System only for the Interim Period.

12. The Debtor shall establish debtor-in-possession accounts with a depository authorized by the Office of the United States Trustee for debtor in possession accounts.

13. However, while the Debtor will begin to utilize the various new DIP accounts there remain outstanding checks, including, but not limited to, checks issued to various employees through its payroll processing company, as well as to various vendors and customers, that have yet to clear the Debtor's pre-petition accounts. As the Debtor continues its operations, the Debtor respectfully represents that allowing those outstanding checks to be dishonored will only result in harm to the Debtor and its respective creditors and estate. Rather than allow such disruption,

the Debtor seeks to allow the pre-petition accounts to remain open for a period of forty-five (45) days. At the end of the forty-five-day period, should there remain any amounts in the pre-petition bank accounts, the Debtor will immediately transfer the remaining funds into the newly created debtor- in-possession accounts.

14. Courts in this circuit have often waived the requirements that the debtor in possession immediately close their pre-petition accounts. This Court has granted such relief in various cases before it. In addition, such relief was granted in In re Victory Memorial Hospital, Case No. 06-44387-cec (Bankr. E.D.N.Y. 2006); In re Brooklyn Hospital Center, Case No. 05- 26990-cec (Bankr. E.D.N.Y. 2005); In re Recoton Corp. et al, Case No. 03-12180-alg (Bankr. S.D.N.Y. 2003) and, In re Metro Affiliates, Inc., 02-42560-pcb (Bankr. S.D.N.Y. 2002). For the reasons set forth herein, and consistent with relief granted in the cases cited above, the Debtor submits that it is in the best interests of its estate to grant the relief requested.

## **NOTICE**

15. Notice of this Application has been given to the following parties, or in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee and (ii) all those parties who have entered an appearance and request for notice in the chapter 11 case.

16. In light of the nature of the relief sought herein, the Debtor submitted that no further notice is required.

## **NO PREVIOUS REQUEST**

17. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Honorable Court grant the relief

sought herein together with such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: October 11, 2023

Brooklyn, NY

**Law Office of Rachel S. Blumenfeld PLLC**

_____

Rachel S. Blumenfeld (RB-1458)
26 Court Street, Suite 2220
Brooklyn, NY 11242
Tel: (718) 858-9600

*Proposed Attorneys for Debtors and Debtors in Possession*