**LAW OFFICE OF RACHEL S. BLUMENFELD PLLC**
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

*Proposed Counsel to the Debtor*
*And Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SHOWFIELDS, INC., | Case No.: 23-43643 (JMM) |
| Debtor. | (Joint Administration Requested) |

**Motion for Entry of an Order Scheduling a Hearing on an Expedited Basis on Eight Motions of Debtor which Seek Entry Of: (A) an Order (i) Authorizing the Joint Administration of Cases; (ii) Authorizing Payment of Certain Pre-petition Wages; (iii) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service;(iv) Authorizing to Continue Pre-Petition Insurance Programs; (v) Authorizing the Debtor to Maintain Current Cash Management System and Existing Bank Accounts for the Interim Period; (vi) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors and 503(B)(9) Claimaints; (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Order; (vii)Authorizing Establishing Monthly Compensation and Reimbursement of Expenses of Professionals (viii) an Order Authorizing the Debtor to Use Cash Collateral**

**TO:** **THE HONORABLE JIL MAZER-MARINO,**

**UNITED STATES BANKRUPTCY JUDGE:**

Showfields, Inc., the debtor and debtor in possession ("Debtor"), by its proposed

attorney, the Law Office of Rachel S. Blumenfeld PLLC, submits this motion (the "Motion")

seeking the entry of an order pursuant to sections 105 and 366 of Title 11 of the United States

Code, (the "Bankruptcy Code"), and Bankruptcy Rule 6003 of the Federal Rules of Bankruptcy

Procedure: scheduling a hearing on an expedited basis for the eight motions (collectively, the

"Motions") seeking entry of: (a) orders (i) Authorizing the Joint Administration of Cases; (ii) Authorizing Payment of Certain Pre-petition Wages; (iii) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service;(iv) Authorizing to Continue Pre-Petition Insurance Programs; (v) Authorizing the Debtor to Maintain Current Cash Management System and Existing Bank Accounts for the Interim Period; (vi) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors and 503(B)(9) Claimants; (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Order; (vii)Authorizing Establishing Monthly Compensation and Reimbursement of Expenses of Professionals (viii) an Order Authorizing the Debtor to Use Cash Collateral.

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding as that term is defined within 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On October 6, 2023, Showfields Inc., filed a petition for relief under Chapter 11 of the Bankruptcy Code; and on October 11, 2023, Showfields NY 2 LLC filed a petition for relief under Chapter 11 of the Bankruptcy Code (collectively the "**Petition Date**"),(collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**"). The Debtors are each a "small business debtor" as defined by Bankruptcy Code section 101(51D) and, thus, have elected to proceed under Subchapter V of Chapter 11 thereof.

3. Debtor continues to operate its business and manage its property as a debtor-in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No trustee (other than the Subchapter V Trustee), examiner or committee has been appointed in this case.

4. Since 2019 the Debtor Showfields, Inc., has owned and operated multiple brick and mortar lifestyle retail sites that provide local vendors and artists (collectively, the "Members") physical space to showcase and sell their goods and products. Specifically, the Debtor's retail sites offer a physical location to act as a platform for these Members, especially those that are generally relegated to selling products through online "e-commerce." .

**Expedited Relief is Necessary**

5. As more fully set forth in the underlying motions, an expedited hearing is required to: allow prompt payment of certain pre-petition wages to Debtor's employees to make sure they remain loyal employees; jointly administer the cases; assure that utility service is not terminated to premises utilized by Debtor; allow prompt payment of certain pre-petition wages to Debtor's employees to make sure they remain loyal employees, allow Debtor to use cash collateral of the MCA's; Authorizing the continuation of Pre-Petition Insurance Programs; Authorizing the Debtor to Maintain Current Cash Management System and Existing Bank Accounts for the Interim Period; and Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors.

**Relief Requested**

6. The most critical of these motions is for the Debtor's loyal employees to be paid on a timely basis.  The Debtor respectfully requests that a hearing be held on each of the referenced motions on or before October 13, 2023.

**Immediate Relief and Waiver of Stay Is Necessary to Avoid Irreparable Harm**

8. Bankruptcy Rule 6003 provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm," which as noted above, is the impetus for this Motion. Absent approval of the Motion, Debtor could have disgruntled employees who may leave; and Utility Companies could discontinue service, without warning, twenty (20) days from the Petition Date, if they claim they have not yet received a "satisfactory" adequate assurance payment. Similarly, Debtor needs immediate access to cash collateral and the ability to pay certain pre-petition wages to employees as well as the ability to pay critical vendors; to use existing bank management systems and maintain current insurance policies and to jointly administer the cases in keeping the economics of repaying creditors in mind.

**No Prior Request**

9. No previous request for the relief sought herein has been made to this Court or any other court.

**Conclusion**

**WHEREFORE**, Debtor respectfully request that the Court enter an order substantially in the form attached hereto, granting the relief requested in the Motion and such other and further

relief as may be just and proper.

Dated: October 12, 2023          Respectfully submitted,

    New York, NY              By:    */s/ Rachel S. Blumenfeld*

**Law Office of Rachel S. Blumenfeld PLLC**

**Rachel S. Blumenfeld (RB-1458)**
26 Court Street, Suite 2220
Brooklyn, NY 11242
Tel: (718) 858-9600

*Proposed Counsel to the Debtor and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> SHOWFIELDS, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No.: 23-43643 (JMM) |

### Order Scheduling a Hearing on an Expedited Basis

Upon consideration of the motion of Showfields Inc., debtor and debtor in possession ("Debtor"), seeking the entry of an order pursuant to sections 105 and 366 of Title 11 of the United States Code, (the "Bankruptcy Code"), and Bankruptcy Rule 6003 of the Federal Rules of Bankruptcy Procedure: scheduling a hearing on an expedited basis for the eight motions seeking entry of: (a) an order. (i) Authorizing the Joint Administration of Cases (the "Joint Administration"); (ii) Authorizing Payment of Certain Pre-petition Wages (the "Pre-Petition Wage Motion"); (iii) Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service (the "Utility Motion");(iv) Authorizing to Continue Pre-Petition Insurance Programs (the "Insurance Motion"); (v) Authorizing the Debtor to Maintain Current Cash Management System and Existing Bank Accounts for the Interim Period (the "Existing Bank Account Motion"); (vi) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors the ("Critical Vendors Motion"); (vii)Authorizing Establishing Monthly Compensation and Reimbursement of

Expenses of Professionals (the "Professional Compensation Motion") (viii) an Order Authorizing the Debtor to Use Cash Collateral (the "Cash Collateral" Motion).

**It is hereby ORDERED**, that:

1. The Court will hold a hearing on the Joint Administration Motion, Utility Motion, the Pre-Petition Wage Motion, the Insurance Motion; the Existing Bank Account Motion; the Critical Vendors Motion, the Cash Collateral Motion and the Professional Compensation Motion (such eight Motions, collectively, the "Motions"), and the relief requested therein on October ___, 2023 at __:__ a.m., before the Honorable Jil Mazer-Marino;

2. Debtor is directed to serve this Order and the Motions upon which it is based via email or facsimile, or if not available by overnight delivery service, by ____ __, 2023, on (i) the Utility Companies identified in the Utility Motion, and the Secured Lenders identified in the Cash Collateral Motion; (ii) all parties having filed a notice of appearance in this case; to the Subchapter V Trustee, Yann Geron, Esq.; and Office of the US Trustee, Attn: Jeremy Sussman, and service of the Motion in this manner shall constitute good and sufficient service and notice of the Motions;

3. Debtor is directed to file proof of service by ____ __, 2023;

4. Opposition to the relief requested may be stated at the _____, 2023 hearing.