**LAW OFFICE OF RACHEL S. BLUMENFELD PLLC**
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 23-35478 (JMM) |
| SHOWFIELDS, INC., *et. al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 363, 364 AND 105 (I) AUTHORIZING THE DEBTORS TO ENTER INTO A POST-PETITION FINANCING AGREEMENT WITH SHOWFIELDS INVESTMENT LLC, (II) GRANTING LIENS AND PRIORITY ADMINISTRATIVE EXPENSE STATUS**

The above captioned debtors and debtors-in-possession, Showfields, Inc., et al., (the "**Debtors**") file this application (the "**Application**") seeking entry of an order authorizing both Debtors: Showfields Inc., and Showfields NY 2 LLC,  to enter into the Senior Secured, Super-Priority Debtor-In Possession Loan Agreement with Showfields Investment LLC attached hereto as **Exhibit A** (the" **Loan Agreement**")[1]. In support of its Application, the Debtors jointly and respectfully allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Loan Agreement.

2.      The statutory basis for relief requested herein is §105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "**Bankruptcy Code**").

## BACKGROUND

3.      Showfields and Showfields NY2 LLC each commenced a voluntary chapter 11 case on October 6, 2023 and October 11, 2023, respectively, as administratively consolidated with the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**").

**4.**      The Debtors have continued in possession of their property and the management of their business affairs as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

5.      On October 26, 2023, the Court entered the *Interim Order (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Order, and (V) Granting Related Relief* allowing the Debtors to use Cash Collateral in the ordinary course of the Debtors' businesses. [*See* ECF Docket 41].

**6.**      Showfields Inc. was formed as a Delaware corporation in 2017 for the primary purpose of owning and managing boutique lifestyle retail sites offering space to local vendors and artists specializing in the creation and sale of wellness, design, and home goods. The Debtors primary mission includes highlighting these local artists and vendors in the communities in which the retail sites are located, and fostering a "back to in-person" approach to retail following the COVID-19 pandemic. The Debtors do not manufacture or sell products of their own. Rather, the Non-Debtor Stores lease the real property upon which the retail sites are located and sell certain goods provided by the Members. In return, Members pay a "membership fee" for use of the physical space to showcase and sell products to the general public. The Non-Debtor Stores receive preapproved goods and products from the Members, and the employees of the Non-Debtor Stores then showcase and sell such goods to customers at the physical retail sites.

7.      The Debtors, the Non-Debtor entity, Showfields DC 1 LLC ("**SDC1**") and Showfields Investment LLC (the "**Lender**")[2] are parties to a certain Amended, Restated and Consolidated Loan Agreement (the "**Pre-Petition Loan Agreement**") which memorializes a loan extended to Borrowers and SDC1 in an amount up to $2,500,000.00 (the "**Pre-Petition Loan**").

8.      The Pre-Petition Loan is secured by a security interest in certain existing and after acquired assets of the Debtors and SDC1.

9.      The Debtors are optimistic about its prospects for a successful reorganization.  In that regard, the Debtors have secured a commitment for debtor-in-possession financing (the "**DIP Financing**") from the Lender to provide the Debtors with funds to assist each Debtor in meeting its working capital requirements and other expenses set forth in the Budget, to the extent that cash assets of the Debtors are insufficient to pay such expenses during the pendency of the Chapter 11 cases and prior to an Event of Default.

10.     The Lender has agreed to make advances (the "**Advances**") to the Debtors provided, that, after giving effect to any such Advance, the aggregate principal amount of the Advances, Prior Advances and the Pre-Petition Loan Amount does not exceed Two Million Five Hundred Thousand Dollars ($2,500,000) (the "**Loan Amount**") pursuant to the terms of the Loan Agreement.

11.     In exchange for DIP Financing, the Debtors will grant the Lender, super-priority status of the claims of the Lender and a security interest in and lien upon all of the Debtors' existing and after-acquired personal and real property with priority to all Liens on such property (the "**Post-Petition Security Interest**").

12.     The availability of this Financing will give Debtor's creditors and employees the necessary confidence that Debtor is able to continue operating as a going concern with the ability to continue paying bills and payroll as they come due in the ordinary course of its business so that the Debtor can continue the restructuring of its operations, propose and confirm a Subchapter V plan, and emerge from bankruptcy as a viable business enterprises in the very near future.

---

[2] The Lender is an insider within the meaning of section 101(31) of the Bankruptcy Code.

## RELIEF REQUESTED

13.     To obtain the DIP Financing, the Debtors seek authority to enter into the Loan Agreement, the principal terms and conditions of which are summarized below:

## RULE 4001(c)(1)(B) DISCLOSURES

| Material Provision of Proposed Post-Petition Credit Facility | Where Provision is Located in the Loan Agreement |
|---|---|
| Loan Amount: Lender agrees, from time to time following the Closing, to make advances (the "Advances") to the Borrowers until the Maturity Date, provided, that, after giving effect to any such Advance, the aggregate principal amount of the Advances, Prior Advances and the Pre-Petition Loan Amount may not exceed Two Million Five Hundred Thousand Dollars ($2,500,000) (the "**Maximum Loan Amount**") | Paragraph 2 |
| Interest Rate:  Until the occurrence of an Event of Default, interest shall accrue and be payable on the unpaid principal balance of the Post-Petition Loan at the rate (the "**Non-Default Interest Rate**") of fifteen percent (15%) per annum which shall not be payable in the event of conversion of the principal amount of Post-Petition Loan under the Loan Agreement. | Paragraph 3(d) |

| | |
|---|---|
| **Maturing of Post-Petition Financing**: The earliest of:<br><br>I. December 31, 2026,<br>II. without Lender's prior written consent, the date of the entry of an order by the Bankruptcy Court confirming a plan of reorganization, compromise or arrangement in any or all of the Chapter 11 Cases,<br>III. the date of the sale of all or a substantial part of the business any Borrower or all or substantially all of the assets of any Borrower,<br>IV. without Lender's prior written consent, the date Persons holding Showfields Inc.'s outstanding shares of capital stock as of the Closing Date effectuate a sale or other transfer of shares of stock in Showfields Inc. that, cumulatively with all other sales or other transfers of shares of stock in Showfields Inc. on or after the Closing Date, causes more than fifty percent (50%) of the outstanding shares of stock in Showfields Inc. to have been sold or transferred after the Closing Date,<br>V. without Lender's prior written consent, the date of filing or express written support by the Borrowers of bidding procedures, sale processes or transactions, plans of liquidation or reorganization or related disclosure statements or supplemental materials that are not in accordance with this Agreement and that are not otherwise satisfactory to Lender,<br>VI. the date the Borrowers file a motion seeking to convert any Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code,<br>VII. the date of conversion of any Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code,<br>VIII. the appointment or election of a trustee under Chapter 11 of the Bankruptcy Code, or any examiner or responsible officer with enlarged powers relating to the operation of the Borrowers' business under section 1106 of the Bankruptcy Code,<br>IX. the date any Borrower files a motion seeking a termination or dismissal of any Chapter 11 Case, or<br>X. the date of dismissal of any Chapter 11 Case. | Paragraph 1.1(r) |
| **Events of Default**: Events of Default are the Debtors' material breach of the terms and conditions of the Interim Financing Order, breach of any written representation or warranty made by the Debtors after the entry of the Interim Financing Order and any of the other enumerated Events of Default within Section 6 of the Loan Agreement. | Paragraph 6.1 |

| | |
|---|---|
| <u>Collateral</u>:  The Lender is granted a lien on all assets and property of the estate as that term is defined in Section 541(a) of the Bankruptcy Code, including all post-petition property and pre-petition property and the proceeds thereof.  In addition, any liens preserved for the benefit of the estate under Section 551 of the Bankruptcy Code. | Paragraph 3.1 |
| <u>Super-Priority Lien</u>: The Obligations will at all times constitute allowed super-priority administrative expense claims in the Chapter 11 Cases having priority over all administrative expense claims and unsecured claims against Borrowers now existing or hereafter arising, of any kind whatsoever, including all administrative expense claims of the kind specified in Sections 105, 326, 330, 331, 365, 503(b), 506(c), 507(b), 546(c), 726, 1114 or any other provision of the Bankruptcy Code, and<br><br>The Obligations will be secured by a valid and perfected first priority Lien on all of the Collateral of Borrowers. | Paragraphs 4.5(a) and (b) |

## **NOTICE AND NO PRIOR REQUEST**

The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Eastern District of New York; (b) Debtors' twenty (20) largest unsecured creditors; (c) the Subchapter V trustee; (d) Debtors' secured creditors; and (e) all parties who have requested notice in this Chapter 11 case pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Debtors respectfully submit that no further notice of this Motion is required.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order authorizing the Debtors to enter into the Loan Agreement, and granting such other and further relief as is just and proper.

Dated: Brooklyn, New York
      November 17, 2023

Respectfully submitted,

Law Offices of Rachel S. Blumenfeld PLLC

By: _____ */s/ Rachel S. Blumenfeld* _____
      Rachel S. Blumenfeld (1458)
      26 Court Street, Suite 2220
      Brooklyn, New York 11242
      Tel: (718) 858-9600