Hearing Date & Time: February 14, 2024 at 11:00 a.m.<br>
Objection Deadline: February 7, 2024 at 4:00 p.m.

R<small>UBIN</small> LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for 187 Kent LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------- x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SHOWFIELDS, INC., *et al.*, | : | Case No.: 23-43643 (JMM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---------------------------------------- x

**NOTICE OF LANDLORD'S MOTION, IN THE ALTERNATIVE, TO CONVERT CHAPTER 11 CASES TO CHAPTER 7 CASES IN THE EVENT THE COURT DOES NOT GRANT THE DEBTORS' MOTION TO DISMISS**

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the motion (the "Motion") of 187 Kent LLC (the "Landlord"), to convert the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") of Showfields, Inc. ("Showfields") and Showfields NY 2 LLC ("Showfields NY 2," and together with Showfields, collectively, the "Debtors"), but only in the event the Court does not approve the Debtor's motion to approve a structured dismissal of the Chapter 11 Cases (the "Dismissal Motion") [ECF No. 93] shall be held before the Honorable Jil Mazer-Marino, Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201 on **February 14, 2024 11:00 a.m.**, or as soon thereafter as counsel may be heard (the "Hearing").

2

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, shall be filed with the Bankruptcy Court, and shall be served upon (a) counsel for the Landlord, Rubin LLC, 11 Broadway, Suite 715, New York, NY 10004 (Attn.: Paul A. Rubin); and (b) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than **February 7, 2024 at 4:00 p.m.** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that parties may appear at the Hearing in person, by phone, or by videoconference. The press and others may observe hearings (regardless of whether the hearing is being conducted in person, by phone or by videoconference) from the courtroom. Press and members of the general public are not permitted to attend hearings by phone or videoconference. All hearing participants must register with eCourt Appearances in advance of every appearance. eCourt Appearances registration is required by attorneys and non-attorneys. Additional information regarding appearances at hearings before the Court may be found at https://www.nyeb.uscourts.gov/content/judge-jil-mazer-marino.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
       January 24, 2024

                              RUBIN LLC

                              By:   */s/ Paul A. Rubin*
                                    Paul A. Rubin
                              11 Broadway, Suite 715
                              New York, New York 10004
                              Tel: 212.390.8054
                              prubin@rubinlawllc.com

                              *Counsel for 187 Kent LLC*

**Hearing Date & Time: February 14, 2024 at 11:00 a.m.**
**Objection Deadline: February 7, 2024 at 4:00 p.m.**

RUBIN LLC
Paul A. Rubin
Hanh V. Huynh
11 Broadway, Suite 715
New York, New York 10004
Tel: 212.390.8054
Fax: 212.390.8064
prubin@rubinlawllc.com
hhuynh@rubinlawllc.com

*Counsel for 187 Kent LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
    :
In re:    :  Chapter 11
    :
SHOWFIELDS, INC., *et al.*,    :  Case No.: 23-43643 (JMM)
    :
                Debtors.    :  (Jointly Administered)
    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### LANDLORD'S MOTION, IN THE ALTERNATIVE, TO CONVERT CHAPTER 11 CASES TO CHAPTER 7 CASES IN THE EVENT THE COURT DOES NOT GRANT THE DEBTORS' MOTION TO DISMISS

187 Kent LLC (the "Landlord"), by its undersigned counsel, hereby files this motion (the "Motion") to convert the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases") of Showfields, Inc. ("Showfields") and Showfields NY 2 LLC ("Showfields NY 2," and together with Showfields, collectively, the "Debtors"), but only in the event the Court does not approve the Debtor's motion to approve a structured dismissal of the Chapter 11 Cases (the "Dismissal Motion") [ECF No. 93]. For the avoidance of doubt, the Landlord supports the relief sought in the Dismissal Motion, and if the Court authorizes the structured dismissal of the Chapter 11 Cases on the terms set forth in the Dismissal Motion, this Motion should be deemed withdrawn. In support of this Motion, the Landlord respectfully represents as follows:

## PRELIMINARY STATEMENT[1]

1. The Debtors have ceased their operations and have filed the the Dismissal Motion. The Debtors have advised that they have insufficient funds to prosecute any plan, whether a liquidating or reorganization plan, and administrative expenses (including substantial post-petition administrative rent arrears due and owing to the Landlord) continue to grow. There is no hope for a reorganization in these Chapter 11 Cases. If the Court does not grant the Dismissal Motion, the Landlord has demonstrated sufficient cause for conversion of the Chapter 11 Cases to cases under chapter 7 pursuant to section 1112(b) of the Bankruptcy Code based on a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. If the Dismissal Motion is denied, conversion rather than dismissal is in the best interest of creditors of the Debtors' estates.

## BACKGROUND

2. The Landlord leases to Showfields NY 2 the ground floor (the "Leased Premises") of the building located at 187 Kent Avenue, Brooklyn, New York 11249 pursuant to that certain Lease Agreement dated March 31, 2022 (the "Lease"). The Landlord is also the holder of a promissory note executed by Showfields NY 2 in the principal amount of $300,000.

3. On October 6, 2023 and October 11, 2023 (as applicable, the "Petition Date"), Showfields and Showfields NY 2, respectively, each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned jointly-administered cases. Yann Geron was appointed as the subchapter V trustee for the Debtors (the "Subchapter V Trustee").

---

[1] Capitalized terms not defined in the Preliminary Statement have the meaning ascribed to them in this Objection.

4. Prior to the Petition Date, Showfields NY 2 was in default of its obligations under the Lease by, among other things, its failure to pay monthly fixed rent and additional rent. The Debtors have not paid any post-petition rent.

5. On November 1, 2023, the Court entered the *Final Order of Court (I) Authorizing Use of Cash Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay* (the "Final Cash Collateral Order") [ECF No. 67] authorizing the Debtors, on a final basis, to use cash collateral for the period from November 3, 2023 through January 31, 2024 solely in accordance with the budget annexed thereto as Exhibit A (the "Budget") [ECF No. 67-1]. Among other things, the Budget includes a line item for "Rent" in the amount of $80,000 per month, even though monthly fixed rent under the Lease is $99,645.83. Despite the inclusion of rent in the Budget, the Debtors have not paid any post-petition rent to the Landlord.

6. On November 17, 2023, the Debtors filed a motion to approve post-petition debtor-in-possession financing from the Debtors' pre-petition insider lender (the "DIP Financing Motion") [ECF No. 64]. On November 20, 2023, the Court held a hearing on interim approval of the DIP Financing Motion. On November 21, 2023, the Court entered the *Interim Order Granting, In Part, Debtors' Motion Pursuant to 11 U.S.C. §§ 363, 364 and 365 (I) Authorizing the Debtors to Enter Into a Post-Petition Financing Agreement with Showfields Investment LLC, (II) Granting Liens and Priority Administrative Expense Status* [ECF No. 74]. At the interim hearing, the Debtors advised the Court that they were requesting authority to borrow $250,000 on an interim basis in order to pay for construction at the Leased Premises ahead of the Thanksgiving holiday, and to pay a "portion" of the rent—$50,000 as reported by the Debtors' counsel—to the Landlord. Despite these representations to the Court, the Debtors still did not pay and has not paid any post-petition rent to the Landlord.

7.  In January 2024, the Debtors ceased operations and closed their retail locations. Since the closure of their stores, the Debtors have not generated any revenue and they do not have sufficient funds to satisfy the administrative expenses that continue to mount against the estates. The Debtors cannot pay the Landlord's post-petition administrative rent, the DIP loan borrowed under the interim DIP financing, the fees of the Debtors' bankruptcy counsel, and the fees and expenses of the Subchapter V Trustee. Accordingly, counsel for the Debtors circulated a draft Dismissal Motion and requested the consent of the Landlord to effectuate the structured dismissal of the Chapter 11 Cases on the terms therein. The Landlord provided comments to the draft motion, and was advised by counsel for the Debtors and the DIP lender that the Landlord's comments are acceptable. Accordingly, the Landlord will consent to the Dismissal Motion with the incorporated changes.

8.  The Landlord understands that the Office of the United States Trustee (the "UST") may object to the Dismissal Motion. Furthermore, the Court has discretion to grant or deny the Dismissal Motion. Thus, in order to prevent further prejudice to the Landlord from the delay that would be caused by the continuation of these Chapter 11 Cases in the event the Dismissal Motion is not granted, the Landlord files this Motion to ensure a prompt resolution of these cases one way or the other—preferably pursuant to the terms of the Dismissal Motion, or else with a conversion of the Chapter 11 Cases to chapter 7 cases.

## ARGUMENT

9.  Section 1112(b)(1) of the Bankruptcy Code governs conversion of chapter 11 cases, and provides, in relevant part, as follows:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court

4

      determines that the appointment under section 1104(a) of a trustee
      or an examiner is in the best interest of creditors and the estate.

11 U.S.C. § 1112(b)(1).

  10.  Section 1112(b)(4) provides a non-exhaustive list of what constitutes cause for the purposes of section 1112(b)(1). *See In re C-TC 9th Ave. P'ship v. Norton Movant (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1311 (2d Cir. 1997) ("It is important to note that this list [contained in 1112(b)(5)] is illustrative, not exhaustive."). Pursuant to section 1112(b)(4)(A), cause may include "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

  11.  Once the court determines that cause has been shown under section 1112(b)(1), it "has no choice, and no discretion, and must dismiss or convert the Chapter 11 case." *Lynch v. Barnard*, 590 B.R. 30, 36 (E.D.N.Y. 2018) (internal citations omitted). Accordingly, the court "will apply a two-step analysis to determine whether to dismiss or convert a case. First, it will consider whether 'cause' exists for relief under the statute. If it does, the Court will determine whether dismissal or conversion of this case is in the best interest of the creditors and the estate." *In re Kuvykin*, Case No. 18-10760, 2019 WL 989414, at *5 (Bankr. S.D.N.Y. Feb. 26, 2019) (quotations omitted).

**I.**  <u>**Cause Exists To Convert The Debtors' Chapter 11 Cases To Chapter 7 Cases**</u>

  12.  Cause plainly exists to convert the Chapter 11 Cases based on "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). By the Debtors' own acknowledgement, post-petition administrative rents continue to accrue unpaid, counsel for the Debtors continues to incur legal fees, the Subchapter V Trustee continues to incur fees and expenses for which he has not been paid, and the Debtors have not repaid their DIP loans. All of these accruing and unpaid

5

administrative expenses constitute substantial and continuing losses to the Debtors' estates. Furthermore, the Debtors' filing of the Dismissal Motion signals the inability of the Debtors to rehabilitate their businesses in these Chapter 11 Cases. Accordingly, cause exists to mandate the Court's conversion or dismissal of the Chapter 11 Cases.

## II. Conversion Is In The Best Interests Of The Estates

13. Courts have considered the following ten factors in determining whether dismissal or conversion is in the best interests of creditors and the estate:

   i. Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;

   ii. Whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

   iii. Whether the debtor would simply file a further case upon dismissal;

   iv. The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;

   v. In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;

   vi. Whether any remaining issues would be better resolved outside the bankruptcy forum;

   vii. Whether the estate consists of a "single asset;"

   viii. Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;

   ix. Whether a plan has been confirmed and whether any property remains in the estate to be administered; and

   x. Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*See, e.g., In re Just Plumbing & Heating Supply, Inc.*, 2011 WL 4962993, at *3 (Bankr. S.D.N.Y. Oct. 18, 2011) (quoting 7 Collier on Bankruptcy ¶ 1112.04[7]). Application of the relevant factors militate in favor of conversion of the Debtors' Chapter 11 Cases.

6

14. (i) Whether some creditors received preferential payments. The Debtors' Statements of Financial Affair do not disclose the transfers made in the 90-day period prior to the Petition Date. The Showfields statement indicates that exhibits disclosing those transfers will be submitted, but no exhibits have been filed. The Showfields NY 2 statement states that the exhibits disclosing those transfers are attached, but they are not attached. A chapter 7 trustee would be able to obtain this information and determine whether avoidance actions should be commenced.

15. (ii) Whether there would be a loss of rights granted in the case if it were dismissed. This factor is not applicable.

16. (iii) Whether the Debtors would simply file a further case upon dismissal. Because the Debtors are seeking dismissal of their cases, the Landlord has no reason to believe that they would simply file a further cases upon dismissal.

17. (iv) The ability of a chapter 7 trustee to reach assets. Because the Debtors have not fully disclosed their pre- and post-petition financial condition, it is unclear what assets a chapter 7 trustee could reach. Under these circumstances, conversion would be in the best interest of creditors. *See, e.g., In re Halal 4 U LLC*, 2010 WL 3810860, at *4 (Bankr. S.D.N.Y. Sep. 24, 2010) ("Basically, the exact nature of the Debtor's assets remains unknown, and it makes sense to appoint a trustee to examine exactly what assets are available for creditor distribution."); *In re Mitan*, 573 F.3d 237, 247 (6th Cir. 2009) (noting bankruptcy court's concern that "there is perhaps more investigation of the debtor's assets that the trustee can do—*should do*" in finding that bankruptcy court did not abuse its discretion in vacating a prior dismissal order dismissing a chapter 11 case and converting the case to chapter 7 instead); *In re Kuvykin*, 2019 WL 989414 at *7 (finding factors 4 and 5 weigh in favor of conversion because debtor's financial picture was not clear and creditors had no insight into debtor's finances).

18. <u>(v) Whether conversion or dismissal would maximize estate's value</u>. Conversion could maximize the estates' value for the reasons set forth in the discussion above regarding factor 4. Given the Debtors' lack of full disclosure in these cases, the appointment of a chapter 7 trustee to investigate the Debtors' finances would provide the estate the best chance at realizing value. Conversely, if this case were dismissed, any possibility of recovery of assets or avoidable transfers would be lost.

19. <u>(vi) Whether any remaining issues would be better resolved outside the bankruptcy forum</u>. The resolution of the Debtors' issues with the Landlord regarding vacating the Leased Premises and the arrearages under the Lease would be more expeditiously resolved in chapter 7 with a chapter 7 trustee.

20. . <u>(vii) Whether the estate consists of a single asset</u>. The Debtors' estates do not consist of a single asset, which weighs in favor of conversion.

21. <u>viii) Whether the debtor had engaged in misconduct</u>. The Landlord does not have information sufficient to determine whether the Debtors have engaged in misconduct. The Landlord submits, however, that the Debtors' failure to pay *any* post-petition rent despite indicating in its Budget and representations to the Court that a portion of DIP funding would be used to pay rent arrearages could be characterized as bad-faith dealings with the Landlord.

22. <u>(ix) Whether a plan has been confirmed and whether any property remains in the estate to be administered</u>. A plan was not confirmed in these cases, which weighs in favor of conversion.

23. <u>(x) Whether the appointment of a trustee is desirable to address environmental and safety concerns</u>. The Landlord is not aware of any environmental or safety concerns that a chapter 7 trustee would need to address, thus this factor is neutral as to conversion or dismissal.

WHEREFORE, for all the reasons set forth herein, the Landlord respectfully requests, solely as alternative relief in the event the Court does not grant the Debtors' Dismissal Motion, that the Court convert the Chapter 11 Cases to case under chapter 7 of the Bankruptcy Code, and grant the Landlord such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 24, 2024

      RUBIN LLC

      By:   */s/ Paul A. Rubin*
           Paul A. Rubin
      11 Broadway, Suite 715
      New York, New York 10004
      Tel: 212.390.8054
      prubin@rubinlawllc.com

      *Counsel for 187 Kent LLC*