WHITE AND WILLIAMS LLP
James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vandermarkj@whiteandwilliams.com

*Counsel to Showfields Investment LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| SHOWFIELDS, INC., et al.,<br><br>                           Debtors. | Case No. 23-43643 (JMM) |

**SHOWFIELDS INVESTMENT LLC'S RESPONSE IN SUPPORT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN LEASES AND CONTRACTS, (II) AUTHORIZING THE DEBTORS TO CONSENT TO SHOWFIELDS INVESTMENT LLC'S ACCEPTANCE OF COLLATERAL, (III) AUTHORIZING PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS, (IV) DISMISSING THE DEBTORS' CHAPTER 11 CASES; AND (V) GRANTING RELATED RELIEF**

Showfields Investment LLC (the "**DIP Lender**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to *Debtors' Motion for Entry of An Order (I) Authorizing the Rejection of Certain Leases and Contracts, (II) Authorizing the Debtors to Consent to Showfields Investment LLC'S Acceptance of Collateral, (III) Authorizing Payment of Certain Administrative Expense Claims; (IV) Dismissing the Debtors' Chapter 11 Cases; and (V) Granting Related Relief* (the "**Motion**"),[1] filed by Showfields Inc. ("**Inc.**") and Showfields NY 2 LLC ("**SNY2**" and together with Inc., collectively, the "**Debtors**"). In support of this Response, the DIP Lender respectfully states as follows:

---

[1] Capitalized terms used herein, but not defined, shall have the meaning ascribed to them in the Motion.

32390897v.1

**PRELIMINARY STATEMENT**

1. The DIP Lender, the Debtors' priority secured creditor, supports the relief sought by Debtors in the Motion, including the request for an order authorizing the Debtors to consent to DIP Lender's acceptance of the Collateral as partial satisfaction of the SI Loan. The Debtors' assets are fully encumbered as a result of: (a) the super-priority liens granted to the DIP Lender for post-petition financing in the amount of $250,000 provided to the Debtors (the "**DIP Financing**") and (b) the pre-petition liens recorded by the DIP Lender for financing in the amount of $1,473,781.00 provided to the Debtors prior to the Petition Date. While the amounts owed to DIP Lender will not be repaid, in full, as a result of the proposed dismissal, the DIP Lender is willing to provide for certain administrative expenses accrued by Debtors during their cases to expedite the recovery of the SI Collateral.

2. As stated above, the DIP Lender fully supports dismissal of the Debtors' cases in accordance with the relief sought in the Motion. However, if the Court determines the Motion should not be granted, the DIP Lender requests the Court grant the DIP Lender relief from the automatic stay to allow the DIP Lender to enforce its rights to the SI Collateral for the unpaid DIP Financing and SI Loan.

**BACKGROUND**

3. Prior to the Petition Date, the Debtors and Showfields DC 1 LLC ("**SDC1**" and together with the Debtors, collectively, the "**Borrowers**") entered into an Amended, Restated and Consolidated Convertible Loan Agreement (the "**Pre-Petition Loan Agreement**") to consolidate prior loans provided to Inc. and provide the Borrowers with a loan with a principal balance up to $2,500,000. As of the Petition Date, the total principal amount of the SI Loan was $1,473,781.00.

A true and correct copy of the Pre-Petition Loan Agreement is attached hereto as **Exhibit A**.

4. Prior to the Petition Date, the DIP Lender perfected its security interests in the SI Collateral by filing UCC Financing Statements (the "**UCC Statements**") in New York, Delaware, and the District of Columbia. True and correct copies of the UCC Statements are attached hereto as **Exhibit B**.

5. On December 18, 2023, the DIP Lender filed a proof of claim in each of the Debtors' cases to assert the amounts owed under the Pre-Petition Loan Agreement.

6. On November 21, 2023, the Court entered the *Interim Order Granting, in Part, Debtors' Motion Pursuant to 11 U.S.C. §§ 363, 364 and 105 (I) Authorizing the Debtors to Enter Into a Post-Petition Financing Agreement with Showfields Investment LLC, (II) Granting Liens and Priority Administrative Expense Status* [Doc. No. 74] (the "**DIP Financing Order**") to authorized the Debtors to borrow an aggregate principal amount of $250,000 from DIP Lender. Subject to a $25,000 carve-out for professional fees, the DIP Financing Order also provided the DIP Lender with perfected post-petition, priming, first-priority security interests in and liens (the "**DIP Liens**") on all assets or property of the Debtors except account receivables and claims under sections 542, 544, 547, 548, 549 and/or 550 of the Bankruptcy Code. Similarly, the DIP Financing Order also granted the DIP Lender with a super-priority administrative expense claim against each of the Debtors for the DIP Financing.

7. As set forth in the Motion, the Debtors have ceased operating and do not have the means to pay amounts owed to the DIP Lender for the DIP Financing or the SI Loan. Moreover, even prior to the Debtors ceasing operations, the Debtors were in default on the SI Loan for failing to pay accruing interest as required under the Pre-Petition Loan Agreement. Without further revenue, the DIP Lender's only means for recovery of the amounts owed for the SI Loan and DIP

Financing is the SI Collateral.

8. The SI Collateral consist primarily of the intellectual property owned by Inc. and the fixtures owned by SNY2 and SDC1 – these assets are fully encumbered. The DIP Lender estimates the value of the SI Collateral does not exceed the DIP Liens – i.e., $250,000 – much less the balance owed for the SI Loan.

## BASIS FOR RELIEF

### A. Dismissal is in the Best Interests of the Debtors' Creditors and Estates.

9. Pursuant to section 1112(b)(1) of the Bankruptcy Code, a court may dismiss a bankruptcy case "for cause" and if it is in the best interests of the creditors and parties in interest.

10. The Motion provides an ample basis for establishing that dismissal is in the best interests of creditors and other parties. Significant administrative expense claims have accrued in this case including the super-priority claims of the DIP Lender, professional fees owed to the Subchapter V Trustee and Debtors' Counsel, and unpaid rent owed to the Landlord. The Debtors have ceased operating and their remaining assets have very limited value and are simply insufficient to satisfy all of the existing administrative expense claims.

11. The dismissal proposed by the Debtors addresses over $600,000 in administrative expense claims. The Debtors' Counsel, the Landlord and the DIP Lender are consenting to the proposed dismissal. The Landlord asserts unpaid rent in excess of $300,000 and is agreeing to the dismissal without payment of those rent claims. The DIP Lender has a super-priority claim for the $250,000 DIP Financing. Further, the Debtors' Counsel is estimated to be waiving over $40,000 in professional fees. Moreover, if the Motion is approved, the DIP Lender is paying $62,000 to the Debtors' Counsel for her professional fees and alleviating the Debtors' estates of that obligation. In addition, the DIP Lender has agreed to pay the Subchapter V Trustee's fees as

eventually allowed by the Court and currently estimated to be approximately $20,000.

12. Conversion of the Debtors' cases to Chapter 7 would not provide any benefit to creditors or other interested parties. The remaining assets are insufficient to provide for either the administrative expense claims or the secured claims. The conversion of the Debtors' cases would only increase administrative expenses without providing any benefit. The DIP Lender would not pay any of the administrative expenses if the case is converted to chapter 7 and any recoveries by a chapter 7 trustee, after the chapter 7 expenses, would go toward payment of the $600,000 in administrative expenses that is being addressed through the dismissal proposed by the Debtors.

13. No party can be pleased with the current status of the Debtors' business or the circumstances of this case. While many creditors, including the DIP Lender, will be unable to recover on their claims, in full, there is no benefit to converting the case and further burdening the estate to the detriment of creditors. The best course of action is the dismissal proposed by the Debtors and supported by the Landlord and the DIP Lender.

B. **The DIP Lender Should Be Granted Relief From the Automatic Stay**

14. If the Court determines that the Motion should not be granted, the DIP Lender requests relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to pursue its rights to the SI Collateral.

15. The Bankruptcy Code provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

16. The Bankruptcy Code does not define "cause", so courts must decide what constitutes cause on a case-by-case basis. *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (*citing Int'l Bus. Machines v. Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (*citing In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990)); *See also Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997) ("Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case."); *In re SGO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) ("Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay.").

17. Some courts have considered the following factors when determining whether to grant relief from the automatic stay:

>  a. prejudice to the debtor or the bankruptcy estate;
>
>  b. relative hardship to the debtor and to the party seeking relief; and
>
>  c. the movant's probability of prevailing on the merits in litigation.

*Matter of Ferstrom Storage & Van Co*., 938 F.2d 731, 735 (7th Cir. 1991); *American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993).

18. Any party opposing a request for relief from the automatic stay has the burden of proof on all issues, except the Debtor's equity in property. *See* 11 U.S.C. § 362(g).

19. Here, cause exists for granting the DIP Lender relief from the automatic stay to pursue its claims against the SI Collateral. Neither the Debtors nor their bankruptcy estate will suffer any prejudice or hardship if the stay is lifted. As discussed above, the Debtors have not paid the interest that has continued to accrue under the Pre-Petition Agreement and do not dispute being in default thereunder. The SI Collateral is fully encumbered by the DIP Liens and, to the extent

they have any value in excess of $250,000, they are security for the SI Loan.  To the extent the DIP Lender is able to recover from the SI Collateral, the relief requested herein is more likely to benefit the Debtor by relieving it of at least a portion of the obligations owed to the DIP Lender.

## NO PRIOR REQUEST

20. No prior request for the relief sought in the Response has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the DIP Lender requests this Court enter an Order substantially in the form of the Proposed Order submitted by the Debtors with the Motion and, in the alternative, the DIP Lender requests relief from the automatic stay imposed by section 362(a) of the Bankruptcy Code to allow the DIP Lender to pursue its rights to the SI Collateral.

Dated: February 7, 2024
New York, NY

WHITE AND WILLIAMS LLP

*/s/ James C. Vandermark*

James C. Vandermark, Esq.
7 Times Square, Suite 2900
New York, NY 10036
(212) 244-9500
vandermarkj@whiteandwilliams.com

*Counsel to Showfields Investment LLC*