Elyssa S. Kates  
Camille C. Bent  
Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, NY 10111  
Telephone: (212) 589-4200  
Email:  ekates@bakerlaw.com  
Email: cbent@bakerlaw.com  

Joseph M. Esmont (*pro hac vice* to be submitted)  
Baker & Hostetler LLP  
Key Tower  
127 Public Square, Suite 2000  
Cleveland, Ohio 44114  
Telephone: (216) 621-0200  
Email:  jesmont@bakerlaw.com

Return Date and Time:  
February 14, 2024, 11:00 am

**UNITED STATES BANKRUPTCY COURT**  
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 23-43643 (JMM) |
| SHOWFIELDS, INC., et al., | Chapter 11 |
| Debtors. | (Jointly Administered) |

**OPPOSITION TO MOTION SEEKING STRUCTURED DISMISSAL**

Creditor Pacific Market International, LLC objects to the Debtors' Motion to Dismiss (the "Motion")  [Dkt. 93] and asks the Court to deny the Motion to the extent it seeks to dismiss the bankruptcy cases or approve the proposed surrender of property[1] and to grant the Landlords' Motion to Convert [Dkt. 94] (the "Motion to Convert").  The Motion asks the Court to bless the Debtors' surrender of substantially all of their assets–including intellectual property with some

---

[1] The creditor does not object to the rejection of leases.

notoriety–to Showfields Investment LLC, a recently-formed insider (the "Insider") as part of a structured dismissal where the Insider is the only pre-petition claimant to receive any recovery.[2]

The voluntary surrender of assets to a purported secured lender is a use of property outside the ordinary course of business under Section 363 of the Bankruptcy Code, and so the Debtors must establish they are not giving surplus value to the purported secured creditor. Moreover, when a Debtor propose a transaction with an insider, those transactions are subject to "rigorous scrutiny[.]" *In re PSINet Inc.*, 268 B.R. 358, fn. 25 (Bankr. S.D.N.Y. 2001). *See also In re Latam Airlines Grp. S.A.*, 620 B.R. 722, 771 (Bankr. S.D.N.Y. 2020); *In re Bidermann Indus. U.S.A., Inc.*, 203 B.R. 547, 551 (Bankr. S.D.N.Y. 1997). They have not met their burden.

The Debtors do not assert they have taken basic steps that would be expected even in a non-insider transaction, such as establishing the value of the assets through a marketing process or an independent valuation and clearly establishing that the entity making a credit bid has a valid and unavoidable claim. Instead the Debtors simply assign a value to the assets of "less than $500,000." *Motion* ¶ 3. But even that amount is potentially double the Insiders' maximum post-petition secured claim of $250,000 under the Interim DIP Order. [Dkt. 74]. The Debtors cannot simply assign their surplus value to an Insider.

To be sure, the Debtors assert that there is no surplus value because the Insider also has a pre-petition secured claim, and the Insider apparently seeks to credit bid $750,000 of that amount. This does not remedy the fact that there is no evidence supporting the Debtors interested $500,000 valuation or of an effort to market the assets. And the Debtors have not shown that the Insider had a valid pre-petition debt or a perfected lien on the assets of either Debtor as of the petition date. Neither Debtor listed the Insider as a secured creditor in its initial petition. [Dkt. 1], Case No. 23-

---

[2] The Debtors admit in their DIP Motion [Dkt. 64 fn. 2] that the Insider is an insider under the Bankruptcy Code without further explanation.

43691 (JMM) [Dkt. 1]. The Debtors have not filed a pre-petition credit agreement. The proofs of claim filed by the Insider attach a UCC Financing Statement that was filed post-petition and names only one Debtor (notably, not the Debtor that holds the intellectual property), suggesting there is no perfected lien on the assets of Showfields Inc. Since the Debtors' filed financial records do not reflect the receipt of significant loan proceeds shortly before the petition date, and the proofs of claim state that the claims were not acquired from a third party, it appears the post-petition UCC Financing Statement would be avoidable as a preference.

Moreover, the proposed structured dismissal violates the principles of *Czyzewski v. Jevic Holding Corp.*, because it does not follow the payment priority scheme of the Bankruptcy Code. 580 U.S. 451, 464, 137 S. Ct. 973, 983, 197 L. Ed. 2d 398 (2017) ("Can a bankruptcy court approve a structured dismissal that provides for distributions that do not follow ordinary priority rules without the affected creditors' consent? Our simple answer to this complicated question is 'no.'") To the extent the Insider is unsecured, or that the Insider's claim would be disallowed under 11 U.S.C. § 502(d) because it received preferential payments and/or liens (i.e., because it did not file a UCC Financing Statement against Showfields Inc. or because it did not timely file either UCC Financing Statement), the proposed structured dismissal treats the Insider better than similarly situated unsecured creditors by allowing the Insider to obtain property on account of its claim while providing nothing for unsecured creditors. Accordingly, the Motion should be denied.

Finally, this Court should convert these cases to Chapter 7 for cause. As noted in the Motion to Convert, the Debtors admit they are unable to move towards a plan in these cases and the financial statements filed by the Debtors are incomplete and appear to reflect significant related-party transactions and preferential repayment of insiders in the leadup to the bankruptcy, as discussed in the Motion to Convert. *See also* Dkt. 52 (appearing to reflect approximately

$150,000 in pre-petition preferential repayment of Insider loans). Rather than approve an insider transaction on scant evidence, the Court should deny the Motion and convert the cases to Chapter 7 so that an independent trustee can evaluate the value of the assets and the validity of claims.

Dated: February 7, 2024

Respectfully submitted,

**Baker & Hostetler LLP**

By: /s/ Camille C. Bent
45 Rockefeller Plaza
New York, NY 10111
Telephone: (212) 589-4200
Elyssa S. Kates
Email: ekates@bakerlaw.com
Camille C. Bent
Email: cbent@bakerlaw.com

and

Joseph M. Esmont (*pro hac vice* to be submitted)
Baker & Hostetler LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Telephone: (216) 621-0200
Email: jesmont@bakerlaw.com

*Attorneys for Pacific Market International, LLC*